**Willis A. SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 20949.

United States Court of Appeals
Ninth Circuit.

Feb. 12, 1968.

Stephen Adams (argued) of Adams &
Adams, San Francisco, Cal., for appellant.

Robert L. Brosio (argued), Asst. U. S.
Atty., Chief, Criminal Division, William
Byrne, Jr., U. S. Atty., Anthony Michael
Glassman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, POPE and MERRILL, Circuit Judges.

CHAMBERS, Circuit Judge:

█ In this narcotics conviction here
on appeal, we have one substantial issue:
Was there reversible error in the trial
court's denial of a motion for a bill of
particulars? Smith wanted a bill telling
him the name of the government's informer.

In the context of this case, he was entitled to know, although it is not every
case where the information must be
given. Aguilar v. United States, 9 Cir.,
363 F.2d 379. However, two days before
trial, the government advised defense
counsel of the name of the informer. The
informer was called by the defense and
testified. Much of the informer's testimony was favorable to the defendant.
How in the sequence there was any prejudice, one cannot find. We find no offense
to Roviaro v. United States, 353 U.S. 53,
77 S.Ct. 623, 1 L.Ed.2d 639. See Sorrentino v. United States, 9 Cir., 163 F.2d
627, and Sartain v. United States, 9 Cir.,
303 F.2d 859.

Error is asserted in failure to grant a
continuance. We can't find that it was
ever requested. Requests for recesses
were granted.

We find no abuse of discretion or reversible error in the instructions.

█ The contention of lack of competent counsel at trial is without merit.
We cannot say that the representation
was a mockery. In fact, we agree with
the trial judge that the defendant was
well represented. The frequency of this
charge on appeals does point out the occupational hazard of defending such
cases as this.

The judgment is affirmed.