**Daniel A. TRASK**

v.

**STATE of Maine and Allan L. Robbins, Warden.**

Supreme Judicial Court of Maine.

Oct. 31, 1968.

Libhart & Cox, by David M. Cox, Brewer, for plaintiff.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and DUFRESNE, JJ.

MARDEN, Justice.

On appeal from the denial of post-conviction relief.

Upon petition for relief under the provisions of 14 M.R.S.A. § 5502 et seq., in-

digency was established and counsel was appointed. The petition, within six points of alleged aggrievement, charges suppression of evidence and use of perjured testimony by the State, and deprivation of counsel at a critical stage of the prosecution.

Upon hearing by a single Justice, and denial of relief, the matter comes here on two points of appeal:

"(1) The petitioner was denied the right of effective representation by counsel in that said petitioner was presented for identification to the State's chief witness without having his counsel notified though the prosecution had knowledge that the petitioner presently had counsel.

"(2) The petitioner was deprived of the Constitutional right of representation by competent council in that all persons allegedly witnesses to the crime were not called by council at the trial."

The record on appeal includes by stipulation the transcript of the trial testimony.

In early September 1965, petitioner was being held in the Waldo County Jail on a charge of armed robbery of one Fowles store. At the same time the authorities were investigating an assault and robbery of one Lawing, whose physical condition was critical, and who was under treatment at the Waldo County Hospital in Belfast.

Prior to the fifth of September 1965, petitioner had solicited legal aid from Belfast counsel in connection with the Fowles robbery. The attorney approached was on the point of leaving the State over the Labor Day holiday, and consented to undertake the representation upon his return to Belfast, if petitioner had made no other arrangements meantime.

On September 5, 1965 an officer from the Sheriff's Department took petitioner, who was dressed in jail clothing, but without handcuffs, to the Waldo County Hospital where the victim Lawing was under treatment. The specific purpose of the visit was not disclosed to petitioner and upon entrance to the room occupied by Lawing and the opening of curtains around this patient's bed, according to petitioner, Lawing said to the petitioner, without preliminary statement or interrogation by anyone, " 'Boy, you did a hell of a job on me,' something like that" or " 'Boy, you got yourself in a mess now,' something like that."

The factor which prompted the hospital visit was that the victim was about to be removed to Maine Medical Center at Portland for neurological attention.

The first formal charge against the petitioner for the Lawing robbery was made upon the return by the Grand Jury of a secret indictment at the ensuing October Term of the Superior Court. Upon jury trial, conviction resulted, which conviction was reviewed upon motion for new trial in Me., 223 A.2d 823. The present petition was initiated in March of 1967.

■ Preliminarily the State urges that appellant's point number two was not presented to the single Justice and improperly is raised for the first time on appeal. The irregularity of such procedure is affirmed, but point two on appeal can be equated with one of the points in the petition and "fairly discloses the contentions which the appellant intends to urge" Rule 74(d) M.R.C.P. Such oblique appellate approach is not encouraged.

■ Treating the points of appeal in reverse order, petitioner's criticism of his counsel's competency falls within the area of trial strategy which was discussed in Bennett v. State, 161 Me. 489, 499 et seq., 214 A.2d 667, and of which repetition here would serve no purpose. The record supports the finding of the single Justice and this point is without merit.

■ Appeal point number one raises an issue of first impression and is based upon three cases decided June 12, 1967, and all reported in Volume 87, Supreme Court Reporter, United States v. Wade at

page 1926, 388 U.S. 218, 18 L.Ed.2d 1149; Gilbert v. State of California at page 1951, 388 U.S. 263, 18 L.Ed.2d 1178; and Stovall v. Denno at page 1967, 388 U.S. 293, 18 L.Ed.2d 1199. In all of these cases the validity of "in-court" identification of the accused was challenged by reason of antecedent identification of the accused under circumstances which allegedly did not comply with due process of law. In *Wade* and *Gilbert* a post-indictment pre-trial confrontation of the victim and the accused had occurred in the absence of defense counsel, who had been appointed. In *Stovall* a post-arrest pre-trial confrontation had occurred before defense counsel had been retained. The alleged lack of "due "process" was founded upon identifications made under circumstances in which the appearance of the accused before the victim was such as to suggest to the victim that the accused was in fact the wrongdoer, and done in the absence of the accused's counsel. The characteristic pre-trial identification is that of the police "line-up" and Wade points out in [13, 14] at page 1939, that due process calls for the presence of the accused's counsel on such occasion in that "possible unfairness at the lineup may be the sole means of (defense) attack upon the unequivocal courtroom identification, * * *."

Gilbert, in [8–10] at page 1956, holds that "(t)he admission of the in-court identifications without first determining that they were not tainted by the illegal lineup but were of independent origin was constitutional error."

The confrontation in *Stovall* was not in a police "line-up" but in a hospital room, as here, and the confrontation was not "so unnecessarily suggestive and conducive to irreparable mistaken identification" [10–12] at page 1972, that the accused was denied due process of law.[1]

Stovall, in [9] at page 1972, additionally holds that the application of *Wade* and

*Gilbert* is, by virtue of practical considerations, prospective, and that "no distinction is justified between convictions now final, as in the instant case, and convictions at various stages of trial and direct review."

The test principle which has been considered proper in these situations is "quoted in Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, * * * :

" ' "[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Maguire, Evidence of Guilt, 221 (1959).' * * * Application of this test in the present context requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup." *Wade* [15] at pages 1939, 1940.

The holding of the Supreme Court of the United States in *Stovall*, that *Wade* and *Gilbert* are not retroactive disposes of appellant's first point.

■ Lest the appellant feel, however, that his rights are foreclosed by the fiat in *Stovall*, instead of consideration of the merits, and because this is the first occasion for us to consider the issue he raises, it is pointed out that he could receive no relief even though *Wade* and *Gilbert* were

---

1. "This is a recognized ground of attack upon a conviction independent of any right to counsel claim." Stovall [10–12] at page 1972.

retroactive. At the time of the hospital visit he had neither been accused of nor arrested for the Lawing robbery, the case was in its investigatory stage, the setting of *Escobedo* (Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977) did not exist, the accused made no statements or admissions in the presence of the victim, his failure to speak was not offered against him, and the victim's words expressing identification were spontaneous. There was nothing "suggestive and conducive to irreparable mistaken identification."

Measuring the confrontation by the illustrative factors set forth in *Wade* and quoted above, the victim had been a drinking companion of the accused for three or four hours prior to the robbery, the jury were competent to determine that the victim's failure to describe his assailant immediately following the robbery could have been due either to uncertainty or his critical physical and mental condition and resolved that any lack of prompt post-assault description was not due to uncertainty, that upon seeing the accused's picture in the local newspaper in connection with the Fowles robbery, he subsequently but before September 5th told a witness that his assailant was the one whose picture appeared in the paper,—this occurring before the confrontation, and the victim's hospital statement admitted of no uncertainty in identification.

"(A) claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it." Stovall [10–12] at page 1972.

The conclusion of the single Justice that there was no constitutional prejudice in the pre-trial hospital meeting is amply supported by the record.

Appeal denied.

WEATHERBEE, J., did not sit.