**Daniel A. TRASK, Petitioner,**

v.

**Allan L. ROBBINS, Warden, Maine State Prison, Respondent.**

No. Civ. 10-197.

United States District Court
D. Maine, S. D.

July 30, 1969.

David M. Cox, Brewer, Me., for petitioner.

John W. Benoit, Asst. Atty. Gen., Augusta, Me., for respondent.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 *et seq.* (1964). The single question presented is whether the in-court identification of petitioner by the state's accusing witness, who had previously identified petitioner at a hospital room confrontation in the absence of counsel, denied petitioner due process of law.[1] The Court concludes that it did not.

At the October 1965 Term of the Waldo County, Maine Superior Court, petitioner was convicted by a jury of the crime of robbery. He was sentenced to 20 to 40 years imprisonment in the Maine State Prison and is presently in respondent's custody serving that sentence. On appeal, the Supreme Judicial Court of Maine affirmed petitioner's conviction. State v. Trask, 223 A.2d 823 (Me.1966). Petitioner next sought post-conviction relief in the courts of the State of Maine under 14 M.R.S.A. § 5501 *et seq.* (1964). After a full hearing, at which petitioner was represented by court-appointed counsel, his petition was denied by the single justice, and the denial was affirmed by the Supreme Judicial Court. Trask v. State, 247 A.2d 114 (Me.1968). Petitioner thereupon filed his present petition in this Court. He has been permitted to proceed in forma pauperis and has been represented by Court-appointed counsel throughout these proceedings. It is conceded that petitioner has exhausted his available state remedies as required by 28 U.S.C. § 2254 (Supp. II 1964). The parties have also agreed that petitioner's right to habeas relief in this Court be determined, without a further evidentiary hearing, upon the record of petitioner's original trial and the record of his post-conviction habeas corpus proceeding in the state courts.

█ The relevant facts are set out in the opinion of the Maine court, Trask v. State, *supra,* 247 A.2d at 115, and need not be repeated here. As support for his position that his constitutional rights were violated because of the hospital room confrontation, petitioner relies on the trilogy of cases decided by the Supreme Court on June 12, 1967, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. In *Wade* and *Gilbert* the Court held that a suspect has a Sixth Amendment right to counsel at a pretrial con-

---

1. Other grounds asserted by petitioner in his original petition for post-conviction relief in the Maine courts are clearly frivolous. With one exception, they were not presented on petitioner's appeal to the Supreme Judicial Court, and they have not been pressed in the present proceeding.

frontation with witnesses. In *Stovall* the Court held that the rule announced in *Wade* and *Gilbert* is not to be retrospectively applied, *Wade* and *Gilbert* are therefore of no help to petitioner in the present case. However, in *Stovall* the Court further held that, independent of any right to counsel claim, a conviction may be subject to attack by reason of a pretrial confrontation which was "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to amount to a violation of due process. *Id.* at 301–302, 87 S.Ct. at 1972. *Stovall* also makes clear that a claim that a pretrial confrontation violates due process must be evaluated in light of the "totality of the circumstances surrounding it," Id. at 302, 87 S.Ct. at 1972, in order to determine if the identification procedure used "was so unduly prejudicial as fatally to taint [the] conviction." [2] Simmons v. United States, 390 U.S. 377, 383, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ Applying the above standard to the present case, this Court concurs with the Maine court that petitioner suffered no constitutional prejudice because of the pretrial hospital confrontation. Trask v. State, *supra*, 247 A.2d at 117. In the first place, the record shows by clear and convincing evidence that the in-court identification of petitioner by the prosecuting witness was "based upon observations of the suspect other than the [hospital room] identification."

United States v. Wade, *supra*, 388 U.S. at 240, 87 S.Ct. at 1939. See also United States v. Johnson, 412 F.2d 753 (1st Cir. July 8, 1969); Wright v. United States, 404 F.2d 1256, 1261–1262 (D.C. Cir.1968). The victim testified at trial that he had spent several hours with his attacker prior to the robbery, and accordingly had had a full opportunity to observe his features.[3] Moreover, prior to the hospital confrontation, the victim had identified petitioner from a picture which appeared in a local newspaper in connection with another robbery. In the second place, petitioner was identified at the trial as the man in question by another witness, a barmaid who had been with petitioner and the victim on the evening of the robbery and who was not present at the hospital confrontation. See Borchert v. United States, 405 F.2d 735, 737–738 (9th Cir. 1968), cert. denied, 394 U.S. 972, 89 S.Ct. 1466, 22 L. Ed.2d 753 (April 21, 1969); United States ex rel. Trignani v. Russell, 405 F. 2d 1119, 1121 n. 5 (3d Cir. 1968). Finally, as in *Stovall*, the hospital room confrontation was necessitated by the victim's critical condition and impending move to an out-of-town hospital. Under all these circumstances, it can hardly be maintained that the in-court identification of petitioner was constitutionally tainted by the hospital room confrontation. At worst, the confrontation was clearly "harmless beyond a reasonable doubt." Chapman v. California, 386 U.S.

---

**2.** Among the circumstances considered by the Court in Stovall were the urgency of an immediate hospital room confrontation, in light of the condition of the victim. Stovall v. Denno, *supra*, 388 U.S. at 302, 87 S.Ct. 1967. Factors suggested as relevant in a closely allied connection in Wade are:

> * * * for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between

the alleged act and the lineup identification.

United States v. Wade, *supra*, 388 U.S. at 241, 87 S.Ct. at 1940.

**3.** It should also be noted that the victim's memory of the appearance of his attacker must have been relatively fresh, the confrontation having occurred six days subsequent to the attack. *See* Simmons v. United States, 390 U.S. 377, 385, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Wise v. United States, 127 U.S.App.D.C. 279, 383 F.2d 206, 209–210 (1967), cert. denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968); *cf.* Biggers v. Tennessee, 390 U.S. 404, 407, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968) (Douglas, J., dissenting).

18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Gilbert v. California, *supra*, 388 U.S. at 274, 87 S.Ct. 1951; United States v. Johnson, *supra*, 412 F.2d at 753. *See also* Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (June 2, 1969).

It is therefore ordered that the petition is dismissed and the writ denied.