**George COLSON, #32357, Petitioner,**

**v.**

**Hoyt C. CUPP, Superintendent, Oregon State Penitentiary, Respondent.**

**Civ. No. 69–719.**

United States District Court,
D. Oregon.

Nov. 16, 1970.

---

2. Compare Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968) relied on by plaintiff.

Ross R. Runkel, Salem, Or., for petitioner.

Lee Johnson, Atty. Gen., James A. Sanderson, Asst. Atty. Gen., Salem, Or., for respondent.

## OPINION

SOLOMON, Chief Judge.

In this habeas corpus proceeding petitioner, George Colson, seeks to set aside his State Court conviction by a jury for attempted burglary not in a dwelling.

At 1:25 on the morning of October 4, 1967, a burglar alarm for a bulk oil plant warehouse sounded in The Dalles police station. An officer immediately arrived on the scene. He saw something move inside the gate and shortly thereafter found Colson in the brush outside the fence surrounding the plant.

The State's evidence was entirely circumstantial. Colson offered no evidence. The jury found Colson guilty.

Colson appealed on the ground that the trial court erred in not granting his motion for judgment of acquittal. The Oregon Supreme Court affirmed the conviction. State v. Colson, 251 Or. 624, 447 P.2d 302 (1968).

Colson now contends (1) that he was denied a fair trial because one prosecution witness was present in court while another prosecution witness testified, (2) that the trial judge should have granted Colson's motion for an acquittal, (3) that his counsel at trial was incompetent, and (4) that the jury instructions given by the trial judge denied Colson his right to be presumed innocent and to be proved guilty beyond a reasonable doubt.

Of these grounds for relief, contention (2) was asserted on direct appellate review before the Oregon Supreme Court, and the other contentions could reasonably have been asserted there. Colson therefore has no available State Court remedies. ORS 138.550(2).

Colson, like many other defendants who are convicted, raises the ever increasing claim of incompetence of counsel. In a recent case the Ninth Circuit Court of Appeals discusses this issue. Borchert v. United States, 405 F. 2d 735, 738 (1968). In order to prevail, petitioner must prove that his defense was a "sham." He is not entitled to an error free trial or a successful result.

Colson specifically objects to his counsel's inadequate investigation of the circumstances surrounding the crime and to certain tactical decisions made by his counsel at the trial. He also claims that his counsel was in collusion with the prosecution.

I have examined each of petitioner's specifications of incompetence, and on the basis of the evidence I find that

every one of them lacks merit. The claim that his attorney colluded with the prosecutor is both meritless and malicious.

 Equally without merit is petitioner's claim that he was denied a fair trial because one prosecution witness saw and heard another prosecution witness testify.

 Nor was Colson deprived of due process of law by the trial judge's denial of Colson's motion for an acquittal at the close of the State's case. A crime may be proved solely by circumstantial evidence in Oregon. State v. Dennis, 177 Or. 73, 159 P.2d 838 (1945). In affirming Colson's conviction, the Oregon Supreme Court found that there was substantial evidence upon which a jury could properly return a verdict of guilty. State v. Colson, 251 Or. 624, 447 P.2d 302 (1968). After reviewing the record, I agree with the Oregon Supreme Court that the circumstantial evidence was sufficient in this case.

 Finally, petitioner contends that the following jury instruction given by the trial court was unconstitutional:

> "An intent is a design, a determination to do a certain thing, an aim, a purpose or a resolve. An intent is a mental condition, a state of mind, and as such it is rarely susceptible of direct proof but must ordinarily be inferred from the facts. *The law presumes that a person intends all the natural, probable and usual consequences of his deliberate acts. The law also presumes that an unlawful act was done with an unlawful intent. These are rebuttable presumptions.*" Transcript at 48–49 (emphasis added).

He argues that this instruction shifted the burden of proof to him for an essential element of the crime and therefore deprived him of due process.

The question is whether the error, if any, deprived petitioner of his constitutionally protected rights.

One case on which petitioner relies holds that a procedural rule requiring a defendant to establish an alibi by a preponderance of the evidence is unconstitutional. Stump v. Bennett, 398 F.2d 111 (8th Cir. 1968).

The other case involves an appeal from a federal court conviction. South v. United States, 412 F.2d 697 (5th Cir. 1969). There the appellate court, exercising its supervisory power over lower federal courts, held it was error to charge that,

> "* * * *unless the contrary appears from the evidence,* the jury may draw the inference that the accused intended all of the consequences which one standing in like circumstances, and possessing like knowledge should reasonably have expected to result from any acts knowingly done." (Emphasis added.)

A conviction will not be reversed in the Ninth Circuit where an examination of the instructions as a whole shows the reviewing court that the incorrect passage could not have prejudiced or misled the jury. Cohen v. United States, 378 F.2d 751, 755 (1967).

The instruction objected to in the *Cohen* case was virtually identical to the instruction in *South.* The Ninth Circuit in *Cohen* criticized the instruction, saying that it tended to shift the burden of proof, but found that the jury was not misled by the instructions as a whole and therefore affirmed the conviction.

Here the instructions were neither misleading nor prejudicial, particularly when considered as a whole. The Court instructed the jury that the law "presumes that the defendant is innocent and this presumption follows the defendant until guilt is proved beyond a reasonable doubt." The words "unless the contrary appears from the evidence," which both the Fifth and Ninth Circuit Courts of Appeals found offensive, were not used. The next instruction on intent informed the jury that the flight of a person immediately after the com-

mission of a crime or after he is accused of a crime is not sufficient in itself to establish his guilt.

Colson did not object to the instruction as misleading or unconstitutional at the trial or in his appeal.

Colson's petition for a writ of habeas corpus is denied.

This opinion shall serve as findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.