**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William KATZ and Jeno Weiss,
Defendants-Appellants.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William KATZ, Defendant-Appellant.**

**Nos. 474–476, Dockets 33694, 33907, 33973.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 20, 1970.

Decided April 2, 1970.

Herbert Monte Levy, New York City (Michael Miller, New York City, of counsel), for defendant-appellant William Katz.

Peter F. Rient, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, and Michael W. Leisure, Asst. U. S. Atty., of counsel), for appellee United States in #33973.

William A. Ackerman, Jackson Heights, N. Y. (Lawrence Peirez, Woodside, N. Y., of counsel), for defendant-appellant Jeno Weiss.

Peter L. Zimroth, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, and Jay Gold, Asst. U. S. Atty., of counsel), for appellee United States in #33694 and #33907.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

FRIENDLY, Circuit Judge:

These appeals are from convictions in the District Court for the Southern District of New York, after trial before Judge Motley and a jury, for making false statements with respect to FHA-insured improvement loans, 18 U.S.C. § 1010. Katz, the owner of Superior Heat & Power Co., a plumbing contractor, was a defendant in both cases along with the respective owners. In No. 33973 he and one Lipschitz were indicted on two counts, for making a false statement in an application for an FHA-insured loan to Manufacturers Trust Company and another in a completion certificate submitted to the bank relating to a building at 172 Forsyth St. in New York City. The

loan application stated that the proceeds would be used to install new plumbing, and the completion certificate stated that the work had been done. A witness who purchased the building from Lipschitz some two months later testified that the pipes were old and of galvanized steel as opposed to the brass for which the loan had been granted and that there were no showers. The new owner arranged with Katz and the same bank to obtain another FHA-insured loan for the same work covered by the old one. The jury convicted Katz on both counts but disagreed as to Lipschitz who claimed, among other things, that he could not read English. Katz did not testify.

The subjects of the indictment in Nos. 33694 and 33907 were Katz and Jeno Weiss, the owner of property at 1681 Madison Ave. They joined in an application to the Manufacturers Trust Company for an FHA-insured loan, to cover "Brass Plg, storm windows, No. 1 oil burner, Portman Boiler, low down tanks." Later they signed a completion certificate and the bank issued a $5,000 check to Katz. He drew a $3,000 check to Weiss who endorsed it to a lawyer, who then issued his own $3,000 check to a creditor of Weiss. A tenant testified that none of the improvements had been made, and a purchaser of the building confirmed this. Katz claimed that he had been persuaded to allow Weiss to do the work, had been told by Weiss it was finished, and had signed the completion certificate on the faith of this. When he went to the building a few days later he "almost fainted * * * Absolutely nothing was done." The jury acquitted both defendants on a count charging a false statement in the loan application but convicted on a count charging a false completion certificate.

Katz received one year sentences on the two counts of the first indictment and on the second count of the second, all to run concurrently. Weiss was sentenced for six months, suspended on condition that he reimburse the Government for its loss on the loan, and was fined $5,000.

■ The sole ground of Katz' appeals is ineffective representation by counsel. Murry Boxer, Esq., had been retained by him in both cases; when it was demonstrated that Katz would be unable to pay, Boxer was assigned under the Criminal Justice Act, 18 U.S.C. § 3006A. After Katz had been sentenced on both indictments and had declared an intention to appeal, Boxer stated his desire to withdraw. Judge Motley announced she would remove him and, in the interests of justice, appoint new counsel to argue Mr. Boxer's ineffectiveness, which she did.[1] However, when new counsel moved for a new trial on the second indictment on that ground, she denied the motion after a more detailed appraisal of Mr. Boxer's conduct.

■ Determination of the effectiveness of counsel cannot be divorced from the factual situation with which he is confronted. When, as here, the prosecution has an overwhelming case based on documents and the testimony of disinterested witnesses, there is not too much the best defense attorney can do. If he simply puts the prosecution to its proof and argues its burden to convince the jury beyond a reasonable doubt, the defendant may think him lacking in aggressiveness, and surely will if conviction occurs. If he decides to flail around and raise a considerable amount of dust, with the inevitable risk that some may settle on his client, the defendant will blame him if the tactic fails, although in the rare event of success the client will rank him with leaders of the bar who have used such methods in some celebrated trials of the past.

■ We find it difficult to see what mode of defense could have helped Katz

---

1. We wholly approve of the judge's conclusion that this course was authorized by 18 U.S.C. § 3006A(c) and that neither Rule 7 of the Criminal Rules of the Southern District nor Rule 4(b) of this Court dictates otherwise, if indeed they could. Notices of appeal had not yet been filed, and the cases were open for further proceedings in the trial court.

on the first indictment. His new counsel suggested at argument that the best course would have been to lie low and then argue that no one could have been so brazen as to fail to put in brass plumbing and then seek a new loan from the same bank for the same purpose. Yet that would have admitted the lack of performance which Mr. Boxer's claim that the building had been vandalized, unwarranted by any evidence as it was, managed to avoid. Although some of the other particulars advanced by new counsel indicate that the case could have been better tried,[2] these are a long way from the showing required to invalidate a conviction because of lack of effective assistance of counsel. United States v. Garguilo, 324 F.2d 795 (2 Cir. 1963); United States v. Horton, 334 F.2d 153 (2 Cir. 1964); United States v. Currier, 405 F.2d 1039 (2 Cir.), cert. denied, 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228 (1969).

■■ The claim with respect to the second indictment, where Katz did have the semblance of a defense, namely, to put the blame on Weiss, is a shade more impressive, but not sufficiently so. Counsel stresses statements by Mr. Boxer to the judge outside the presence of the jury early in the trial that he "would rather walk out on this case and not be on it," was "not very happy about the entire thing," and was "just doing a duty," and that on two occasions he was observed to be sleeping while Weiss' counsel was examining a witness. But this attitude and conduct did not require the trial judge to set aside the conviction unless it prevented Katz from receiving a fair trial. She was justified in concluding that Mr. Boxer did not in fact fail in his duty of loyalty or in elementary skill. Mr. Boxer went after Weiss with vigor, and his opening statement, criticized by new counsel, that the Government was trying to convict Katz for the non-payment of a loan on which he was not the debtor, fitted well enough into this strategy and also constituted the kind of diversionary tactic to which we have alluded. That these endeavors were not without success is evidenced by the acquittal of both defendants on the first count. In denying the motion for a new trial, Judge Motley stated that the testimony during the periods of counsel's somnolence was not central to Katz' case and that, if it had been, she would have awakened him rather than have waited for the luncheon recess to warn him. It is claimed that while Mr. Boxer was too sleepy on these occasions, he was too aggressive on others, notably in a totally unwarranted attack on the qualifications of an FBI handwriting expert. Much as we deplore such methods, Mr. Boxer was not the first attorney to use them and doubtless will not be the last. Having reviewed all the specifications, we cannot find, especially in light of the considered opinion of the trial judge, that individually or in the aggregate they suffice to constitute a denial of effective representation. See Kennedy v. United States, 259 F.2d 883, 885 (5 Cir. 1958), cert. denied, 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982 (1959), quoted with approval in United States ex rel. Maselli v. Reincke, 383 F.2d 129, 133 (2 Cir. 1967); and United States v. Cariola, 323 F.2d 180, 185 n. 4 (3 Cir. 1963) (dictum). Accord, United States ex rel. Weber v. Ragen, 176 F.2d 579 (7 Cir. 1949), cert. dismissed, 338 U.S. 809, 70 S.Ct. 49, 94 L.Ed. 489 (1949); MacKenna v. Ellis, 280 F.2d 592 (5 Cir. 1960), cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); Root v. Cunningham, 344 F.2d 1 (4 Cir. 1965), cert. denied, 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1965).[3]

---

2. With respect to one of them, relating to the taking of a handwriting sample in the absence of an attorney, which is advanced again with respect to the second indictment, appellate counsel is simply wrong. Gilbert v. California, 388 U.S. 263, 267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

3. The court is grateful to Herbert Monte Levy, Esq., for his vigorous undertaking of the distasteful task of criticizing a brother lawyer on Katz' behalf.

Weiss' appeal borders on the frivolous. He claims that the evidence established that he signed the completion certificate in blank. But even if that would relieve him of criminal liability, the evidence shows no such thing. The only blank is the space identifying the date of the loan application and the form carries the legend, with the "Notice" in bold face:

Notice To Borrower

*DO NOT SIGN this certificate until you are satisfied that the dealer has carried out his obligations to you and that the work or materials have been satisfactorily completed or delivered.*

Furthermore Weiss' own testimony disclosed his familiarity with FHA-insured loan procedures. The completion certificate was properly admitted as a verbal act and the Government did not have to lay a basis for its admission under the Business Records Act, 28 U.S.C. § 1732. Weiss' other points are even less deserving of discussion.

Affirmed.