**UNITED STATES of America,
Appellee,**

v.

**Leo PHILLIPS, Appellant.
No. 617, Docket 33928.**

United States Court of Appeals,
Second Circuit.

Argued March 24, 1970.

Decided May 8, 1970.

---

Porter R. Chandler, New York City (Jerome M. Congress, William H. Levit, Jr., New York City, of counsel), for appellant.

Jerome C. Ditore, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty. for the Eastern District of New York, Louis R. Rosenthal, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, Chief Judge, HAYS, Circuit Judge, and BLUMEN-FELD,* District Judge.

HAYS, Circuit Judge:

Leo Phillips appeals from· a judgment of conviction entered after a jury trial in the United States District Court for the Eastern District of New York on a charge of causing stolen books worth more than $5,000 to be transported in interstate commerce in violation of 18 U.S.C. § 2 (1964) and 18 U.S.C. § 2314 (Supp. IV 1965–68),[1] and of conspiring to cause stolen books worth more than $5,000 to be transported in interstate commerce in violation of 18 U.S.C. § 371

---

\* Of the District of Connecticut, sitting by designation.

1. 18 U.S.C. § 2314 (Supp. IV 1965–68) provides in pertinent part:

"Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud * * *

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

(1964) and 18 U.S.C. § 2314 (Supp. IV 1965–68). Appellant was sentenced to two years' imprisonment on each count, the sentences to run concurrently.

We affirm the conviction.

### I.

Harold Phillips, who is not related to appellant, was also indicted and pleaded guilty to the conspiracy count.[2] He testified that he managed a book warehouse in New York City in 1962 and one in Wayne, New Jersey in 1963–65 and that although appellant knew that Harold had no authority to sell books, appellant purchased at least eight lots of damaged books directly from Harold in the period from late 1962 until August 1964.[3]

In August 1964 Harold sold appellant new books worth approximately $80,000. The order for these books, which provides the basis for the substantive count of the indictment, was prepared in the name of Greenman Bros., a legitimate customer of the warehouse. On August 11, 13 and 14 a truck driver hired by appellant picked up portions of the order. The truck driver testified that appellant told him he was to make a pick up and delivery for Greenman Bros., which was located in Hicksville, Long Island, but later instructed him to deliver the books to a warehouse in Brooklyn. A Brooklyn warehouseman testified that appellant used his facilities in mid-August 1964 to store books delivered to him without a bill of lading.

An executive from Golden Press, the Company which owned the books said to be stolen, testified that the August 11 shipment of the "Greenman Bros." order had a retail value of over $40,000. The owner of a book business in Wisconsin, who the jury could have found purchased part of the "Greenman Bros." order, testified that the portion he purchased had a retail value of approximately $40,000.

Appellant testified that Harold had been introduced to him as the "boss" and that he thought Harold had authority to sell the books in question. Two defense witnesses described the nature and customs of the book close-out business.

### II.

Appellant contends that there was insufficient evidence to establish that he committed the crime charged because an accomplice's testimony must be corroborated. However, the rule in the federal courts is to the contrary. United States v. Corallo, 413 F.2d 1306, 1323 (2d Cir.), cert. denied, 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 422 (1969); United States v. Armone, 363 F.2d 385, 402 (2d Cir. 1966), cert. denied sub nom. Viscardi v. United States, 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303; United States v. Kelly, 349 F.2d 720, 767 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966). The trial judge cautioned the jury to receive and weigh the accomplice testimony with "caution and care."[4] And, as our review of the evidence demonstrates, Harold's testimony was corroborated at least circumstantially in almost every important aspect.

Appellant also argues that the government failed to prove that the books were stolen, and to establish that he knew that Harold had no authority to sell them. However, it was reasonable for the jury to find the existence of these elements from the evidence presented.

---

2. Harold Phillips received a nine month sentence which was later reduced to incarceration on weekends only. The substantive count against him was dismissed.

3. Harold also testified that in March 1965 he sold appellant books with a retail value of approximately $10,000.

4. The trial judge instructed the jury that: "an accomplice's testimony is to be received with caution and care and weighed with caution and care. You should not convict on unsupported accomplice testimony unless you believe that testimony, like other witnesses (sic), beyond a reasonable doubt."

### III.

The indictment in this case was filed on August 1, 1967. The case had been marked ready and adjourned at least three times, and one change of counsel had taken place by March 3, 1969. On that date and on March 6 and 10 the trial judge called and adjourned the case because of the absence of appellant or his counsel. Finally on March 12, 1969, appellant appeared with new counsel. The case was adjourned until March 18, 1969, at which time appellant's new counsel requested a further adjournment. The trial judge granted an additional day's adjournment but indicated that appellant's bail would be discontinued if the trial failed to commence the next day.

Appellant contends that the failure of the trial court to grant an additional adjournment was an abuse of discretion which caused him to be deprived of the effective assistance of counsel, and that the threat to revoke bail was "an impermissible infringement of the right to counsel."

■ Appellant's trial counsel was retained on March 8, 1969. He presented no acceptable reason [5] why he could not prepare this relatively simple case in the ten days he was given. In light of the procedural history and the nature of this case, the trial court's denial of an additional adjournment was not an abuse of discretion.

■ The record does not support appellant's contention that he was deprived of the effective assistance of counsel. His attorney cross-examined Harold, the key to the government's case, and obtained experts to testify to the practices of the book close-out business. The qual-

ity of representation was at least equal to the quality we have held to be sufficient. See, e. g., United States v. Katz, 425 F.2d 928 (2d Cir. April 2, 1970) (and cases cited therein at p. 931).

■ Since it was proper for the trial court to refuse to grant a further adjournment, and the quality of representation was acceptable, the threat to revoke bail, while certainly not justified, was not prejudicial.

### IV.

When the jury reached a verdict it so informed the court by sending out a note. The trial judge did not read the contents of the note because he had instructed the jury that the verdict must be delivered orally. However, he reconvened the parties two days later and read into the record the contents of the note which stated:

"1. On the conspiracy count we find the defendant guilty.

"2. On the transportation count, we find the defendant guilty.

"We recommend leniency in view of his past record."

■ Appellant maintains that the failure of the trial court to inform him of the recommendation of leniency before the jury was polled was reversible error. While the course of action urged by appellant would have been preferable, it was not required. The note itself indicates that the jury based its plea for leniency, not on any doubt about appellant's guilt, but on his past record. The verdict was in no way conditional, and no mention was made of it during the poll of the jury. See Cook v. United States, 379 F.2d 966, 970 (5th Cir. 1967).

Affirmed.

---

5. In an affidavit filed on March 12, 1969, he stated only that he had to appear in Civil Court in two cases on March 10, 1969. The trial court informed a representative of his office that the affidavit was insufficient since there was no claim that counsel was actually on trial.