**UNITED STATES of America,
Appellee,**

v.

**Peter Thomas MESSINA, Defendant-Appellant.**

No. 929, Docket 73-1423.

United States Court of Appeals,
Second Circuit.

Argued May 31, 1973.

Decided June 27, 1973.

Certiorari Denied Oct. 23, 1973.
See 94 S.Ct. 286.

Robert L. Clarey, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E. D. N. Y., L. Kevin Sheridan, Asst. U. S. Atty., of counsel), for appellee.

Julius A. Itzkowitz, New York City (Henry M. Holzer, New York City, of counsel), for defendant-appellant.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Peter Thomas Messina appeals from a judgment of conviction entered after a trial by jury in the United States District Court for the Eastern District of New York. Appellant was found guilty on Count I of a three-count indictment, which charged him with having conspired with his brother, John Messina, to sell unlawfully counterfeit plates, in violation of 18 U.S.C. §§ 474 and 371. Appellant contends on appeal that (1) Count I of the indictment was fatally defective in that it failed to charge an offense, and failed to furnish a description of the offense sufficient to enable him to prepare a defense and to protect him against future jeopardy; (2) the evidence was insufficient to warrant submission of

the case to the jury; and (3) the conviction cannot stand since it was based entirely on the uncorroborated testimony of a co-conspirator. We reject all three contentions and affirm the judgment of conviction.

The facts, briefly stated, are as follows. On September 29, 1971, John Messina was arrested after attempting to sell to undercover Secret Service Agent Albert Angelone, for $35,000, aluminum photo-engraved plates for counterfeiting Ten Dollar Federal Reserve Notes. Later that same day appellant was arrested, on the basis of information provided by John Messina that his brother had provided him with the plates and a number of sample "uncut" and one "cut" counterfeit bills for sale to Agent Angelone. The two brothers were indicted on three counts. Count I, which we discuss *infra*, charged defendants with conspiring to sell counterfeit plates; the two substantive counts charged them with unlawful possession of plates from which counterfeit bills had been printed, in violation of 18 U.S.C. § 474; and with unlawful possession of a counterfeit Ten Dollar Reserve Note, in violation of 18 U.S.C. § 472. Prior to trial John Messina pleaded guilty to Count I and, after appellant's trial, was given a suspended sentence and three years' probation. John Messina testified as a government witness at appellant's trial.

At trial the government called three witnesses: John Messina and Secret Service Agents Angelone and George J. Opfer. Appellant was the only witness for the defense. John Messina testified that appellant had invited him to join the counterfeiting venture in a telephone call made by appellant in early September, 1971. He further testified that he and his brother thereafter had engaged in a series of meetings and telephone conversations regarding the sale of the counterfeit plates; and that he, John, had met several times with Agent Angelone, who had been introduced to him by a government informant as a potential buyer of the plates. After receiving the plates from appellant, John met with

Angelone to complete the sale, whereupon he was promptly arrested. Agent Angelone never met or dealt with appellant.

Agent Angelone's testimony corroborated that of John Messina, regarding their several meetings and their agreement to sell and puchase the counterfeit plates; Angelone also testified that John Messina made several references to an unnamed accomplice during their negotiations. Agent Opfer testified that, following the arrest of the two brothers, he had overheard a conversation in which John allegedly said to his brother, "Pete, we have to cooperate, * * * [t]hey caught me red-handed with the plates"; to which Peter allegedly replied, "You are the one that got caught. Why did you get me involved. You should take your own medicine. You know what happens to stool pigeons." (Trial Transcript at 221).

Testifying in his own defense, appellant denied having made the foregoing remarks, denied any involvement whatsoever in the enterprise, and argued that his brother was falsely implicating him in the crime as a result of fraternal animosity of long standing. He further testified that he had "records" at home to prove that he was at work during the time the events of this case occurred; and that, furthermore, he had not even been on speaking terms with his brother during the time period involved. He indicated, however, that it had not occurred to him to produce these records at trial as part of his defense. The jury chose to believe John Messina's version of the facts, and returned a guilty verdict against appellant on Count I, the conspiracy count, while acquitting on the two substantive counts. Appellant was sentenced to three years' imprisonment.

Count I of the indictment which appellant challenges on several grounds, provided as follows:

[Between certain dates and within the Eastern District of New York] the defendant PETER MESSINA and the defendant JOHN MESSINA did

knowingly and wilfully, conspire to commit an offense against the United States in violation of Title 18, United States Code, § 474, by conspiring to sell with unlawful intent, and not under the direction of the Secretary of The Treasury or other proper office, an impression in the likeness of an obligation of the United States, to wit: a Ten Dollar Federal Reserve Note, in violation of Title 18, United States Code, § 371.

In furtherance of said conspiracy and for the purpose of accomplishing the objective thereof, the defendants committed the following acts. * * *

1. On or about the 28th day of September 1971, within the Eastern District of New York, the defendant PETER MESSINA gave the defendant JOHN MESSINA, a counterfeit plate. * * *

Count I was based on language appearing in the sixth paragraph of 18 U.S.C. § 474.[1]

■ Appellant argues first that Count I was defective in not stating the necessary elements of a crime, since it failed to negative the exception, provided in § 474, for sales made to the United States. The cases rejecting this argument are numerous. We deal here with a conspiracy count. The Supreme Court has held that such a count need only "identify the offense which the defendants conspired to commit * * *", and that it need not "with technical precision, state all the elements essential to the commission of the [substantive] crimes * * *." Williamson v. United States, 207 U.S. 425, 447, 28 S.Ct. 163, 171, 52 L.Ed. 278 (1908). In McKelvey v. United States, 260 U.S. 353, 357, 43

S.Ct. 132, 134, 67 L.Ed. 301 (1922) the Court held that "an indictment or other pleading founded on a general provision defining the elements of an offense, * * need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and * * * it is incumbent on one who relies on such an exception to set it up and establish it." To similar effect is Edwards v. United States, 312 U.S. 473, 482–483, 61 S.Ct. 669, 85 L.Ed. 957 (1941); see also, United States v. Ramzy, 446 F.2d 1184, 1186 (5th Cir.), cert. denied, 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 544 (1971); Hockenberry v. United States, 422 F.2d 171, 173 (9th Cir. 1970); Tritt v. United States, 421 F.2d 928, 929–930 (10th Cir. 1970); Smith v. United States, 106 U.S.App.D.C. 26, 269 F.2d 217, 220, cert. denied, 361 U.S. 865, 80 S.Ct. 130, 4 L.Ed.2d 108 (1959). It stretches credulity for appellant to argue that he was not fully apprised of the nature of the charge against him because the indictment failed to negative the exception provided. Quite obviously, sale to the United States of materials it needs in printing Federal Reserve Notes is not a crime; and whether or not the exception was negatived in the indictment, appellant was amply informed of the crime with which he *was* charged.

■ Appellant's second and third challenges to the indictment—that the indictment did not furnish a sufficient description of the crime charged to enable him (1) to prepare a defense and (2) to be protected against future jeopardy—are equally without merit. We find no ambiguity in the indictment such as would support the two contentions proffered by appellant. We fail to see how

[1]. This section provides:

Whoever prints, photographs, or in any other manner makes or executes any engraving, photograph, print, or impression in the likeness of any such obligation or other security, or any part thereof, or sells any such engraving, photograph, print, or impression, except to the United States, or brings into the United States, any such engraving, photograph, print, or impression, except by direction of some proper officer of the United States; * * *

* * * * *

Shall be fined not more than $5,000 or imprisoned more than fifteen years, or both.

it could not have been obvious to Messina that he was being charged with conspiring to sell unlawfully counterfeit plates ("impressions") in violation of 18 U.S.C. § 474, since one of the overt acts listed in the conspiracy count was that "the defendant Peter Messina gave the defendant John Messina a counterfeit plate"; since the second count of the indictment charged appellant with possession of "plates from which a counterfeit obligation [was] printed"; and since in requesting in a bill of particulars as to Count I appellant wanted information from the government specifying "[t]he exact locations, including street addresses where the alleged illegal conspiracy took place to sell counterfeit plates."[2] Appellant was thus provided with specific notice regarding the crime with which he was charged, for purposes of preparing his defense. The specter of future jeopardy which appellant raises is unsupported, since there is little doubt as to the crime for which appellant was indicted and convicted.

■ Appellant's remaining arguments on appeal deal with the sufficiency of the evidence upon which he was convicted. It is first alleged that the evidence was not sufficient to prove beyond a reasonable doubt that appellant was involved in the conspiracy, and that, under United States v. Taylor, 464 F.2d 240 (2d Cir. 1972) the case should not have gone to the jury. We disagree. The evidence was ample to enable a reasonable juror "fairly [to] conclude guilt beyond a reasonable doubt", Taylor, supra, 464 F.2d at 245. In addition to the testimony of the co-conspirator, John Messina, the jury could consider the highly incriminating testimony of Agent Opfer, as well as any inferences arising from appellant's failure to produce the "records" which he claimed substantiated his alibi.

■ Appellant's final argument, that a guilty verdict may not rest upon the uncorroborated testimony of an accomplice, fails in view of this Court's numerous decisions to the contrary. See, e. g., United States v. Ferrara, 458 F.2d 868, 871 (2d Cir.), cert. denied, 408 U.S. 931, 92 S.Ct. 2498, 33 L.Ed.2d 343 (1972); United States v. Phillips, 426 F.2d 1069, 1071 (2d Cir.), cert. denied, 400 U.S. 843, 91 S.Ct. 86, 27 L.Ed.2d 78 (1970); United States v. Corallo, 413 F.2d 1306, 1323 (2d Cir.), cert. denied, 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 422 (1969). Moreover, as indicated above, there was corroborating testimony in this case.

Accordingly, we affirm the judgment of conviction.

---

2. Notice of Motion for Bill of Particulars and Discovery and Inspection, dated April 14, 1972, at page 1.