937 F.2d 617
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marles Gail WILMER, Defendant-Appellant.
 No. 90-5212.
 United States Court of Appeals, Tenth Circuit.
 July 16, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Marles Gail Wilmer appeals the district court's denial of her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. Sec. 2255. Defendant was tried and convicted for first degree murder under 18 U.S.C. Sec. 1111 and sentenced to life imprisonment. At the time of sentencing, defendant was advised of her right to appeal, waived that right, and no appeal was taken. Defendant filed two post-conviction motions requesting a reduction in sentence pursuant to former Fed.R.Crim.P. 35. Both motions were denied.
 
 
 3
 In support of her original motion in the district court, defendant alleged three grounds: (1) ineffective assistance of counsel; (2) heavy medication during trial and sentencing; and (3) insufficiency of the evidence. The district court denied this motion. On appeal, defendant states the issue as denial of effective counsel in that (1) defendant was of such diminished capacity that she could not aid the attorney in her own defense, and (2) the attorney did not adequately perform because he failed to pursue her averment of lack of premeditation. We affirm.
 
 
 4
 Our scrutiny of the effectiveness of counsel must be "highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). We review the ultimate legal issues of Sixth Amendment claims de novo. Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir.1991). Underlying findings of fact are accorded a presumption of correctness. 28 U.S.C. Sec. 2254(d); Case v. Mondragon, 887 F.2d 1388, 1392 (10th Cir.1989), cert. denied, 110 S.Ct. 1490 (1990).
 
 
 5
 In deciding whether defendant was denied effective assistance of counsel, we are guided by the Supreme Court's decision in Strickland, most recently construed by this court in United States v. Rivera, 900 F.2d 1462, 1472-74 (10th Cir.1990). According to Strickland, in order to label counsel as ineffective, we must conclude that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.
 
 
 6
 The Supreme Court adopted a two-part test to determine whether the Sixth Amendment has been violated. The defendant must show: (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Id. at 687. Prejudice is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Defendant bears the burden of proving both the deficiency and the prejudice prong of the Strickland standard.[1] Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).
 
 
 7
 In her motion to the district court, defendant argued that her counsel failed to inform the jury that she appeared unremorseful during the trial because she was taking antidepressant drugs. Before this court, defendant reframes this contention and argues that these antidepressant drugs made her incapable of aiding in her own defense. Because the latter contention was not raised in this form in the district court, we decline to address it on review. See Singleton v. Wulff, 428 U.S. 106, 121 (1976); Pell v. Azar Nut Co., 711 F.2d 949, 950 (10th Cir.1983). In regard to defendant's contention that her attorney should have explained her demeanor to the jury, we cannot conclude that this meets the deficiency standard of Strickland or that the presentation of this fact to the jury would have altered the verdict in any way.
 
 
 8
 Defendant's claim of ineffective assistance of counsel also relies on allegations that defense counsel failed to cross-examine certain unspecified witnesses. "[F]ailure to cross-examine a witness does not necessitate a finding of ineffective assistance of counsel." United States v. Voigt, 877 F.2d 1465, 1468 (10th Cir.), cert. denied, 110 S.Ct. 517 (1989). The decision " 'could simply have been part of trial counsel's strategy.' " United States v. Miller, 907 F.2d 994, 1002 (10th Cir.1990) (quoting Voigt, 877 F.2d at 1468). Defendant presents no argument or evidence which would lead to the conclusion that her attorney's failure to cross-examine constituted unreasonable professional behavior. Nor has she established a reasonable probability that she would have been acquitted if such cross-examinations had occurred.
 
 
 9
 Defendant further contends that counsel failed to adequately argue her contention that she did not intend to kill the victim. She appears to believe that had counsel done so, she would have been found guilty of the lesser crime of manslaughter. "When ... the prosecution has an overwhelming case, 'there is not too much the best defense attorney can do.' " Rivera, 900 F.2d at 1474 (quoting United States v. Katz, 425 F.2d 928, 930 (2d Cir.1970)). Defendant admitted that she broke into the home of the victim, took guns belonging to him, and then set fire to the curtains before leaving the residence. She states that she then went home and called the fire department. "[P]erformance of defendant's counsel 'must be considered in light of the strength of the government's case.' " Id. (quoting Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986)). It is difficult to see how defendant's counsel could have overcome her own admissions.
 
 
 10
 Defendant does not have a constitutional right to demand that counsel present arguments which counsel has professionally decided not to present. See Tapia, 926 F.2d at 1564 (citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). Counsel's decision to "winnow[ ] out weaker arguments" does not constitute ineffective advocacy. Barnes, 463 U.S. at 751. Defendant has not shown that counsel failed to exercise the skill, judgment, and diligence of a reasonably competent defense attorney and has ultimately failed to prove that her counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.
 
 
 11
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A transcript of defendant's trial was not provided to this court, and it appears that a transcript was never prepared. Consequently, we can rely only upon the record as it exists before us in determining whether defendant has met her burden