## ANDREWS v. ROBERTSON et al.

### No. 11033.

Circuit Court of Appeals, Fifth Circuit.

Oct. 25, 1944.

Rehearing Denied Nov. 24, 1944.

102

Daisy Lee Churchwell and Miss Alene Harden, both of Macon, Ga., for appellant.

Charles H. Garrett, of Macon, Ga., and T. Grady Head, Atty. Gen. of Georgia, for appellees.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Petitioner was convicted in the Superior Court of Bibb County, Georgia, of rape and sentenced to death. The Supreme Court of Georgia affirmed the conviction (Andrews v. State, 196 Ga. 84, 26 S.E.2d 263) and the Supreme Court ,of the United States denied certiorari (320 U.S. 781, 64 S.Ct. 87, 88 L.Ed. 47). Then followed this proceeding in habeas corpus, wherein the writ was discharged and petitioner remanded to custody of respondent.

The main question presented is whether or not the Federal Court has the power to nullify a trial in an appropriate State Court on the ground that employed counsel, of the defendant's own choosing, was so grossly incompetent as not to have been able to afford the defendant capable and adequate representation.

The lower. Court held that the evidence did not show that the defendant's counsel was of unsound mind and that he could not accept the suggestion of petitioner that he should find total incapacity from the circumstances in the case and from an unproved common opinion among members of the local bar. He did find, however, that on account of the then existing physical condition and emotional upset of counsel for the defendant "she was not able to afford the defendant any very capable representation, but I cannot find that her representation amounts to a nullity, which, in my opinion, it would be necessary to find in order to hold that defendant was tried without the benefit of counsel. In my opinion, a defendant's representation by a licensed attorney of his own choice satisfies the constitutional mandate and a trial judge has no authority to pass upon the relative merits or capacities of licensed attorneys, or to prevent an employed attorney from representing his client, even though the judge might think the attorney entirely incompetent. On the other hand, if the constitution guarantees 'effective aid of counsel in the preparation and trial of the case', then I am probably wrong in dismissing the petition. See Edwards v. United States [78 U.S.App.D.C. 226], 139 F.2d 365, 367 (5)."

"Moreover, most of the questions made have been determined adversely to petitioner by the Supreme Court of Georgia, and review denied by the Supreme Court of the United States. The Georgia Supreme Court decision is reported in Andrews v. State [196 Ga. 84], 26 S.E.2d 263. See Ex parte Henry Hawk [321 U.S. 231, 64 S.Ct. 448], in which the court said: 'Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state Court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the question thus adjudicated.' "

■ We approve. In the absence of proof of such mental incapacity as flows from an unsound mind, on the part of defendant or his chosen counsel, in such circumstances, this Court cannot say that due process of law was denied defendant, or that the State Court lost jurisdiction of the case.

■ The State Court has no right under the Constitution, to deny a defendant the right to counsel of his own choosing. Such Court could not be put in error for proceeding to try a defendant when he was represented by such counsel, which is to say that that Court should not be put in error for doing that which it had no right to refuse to do, nor was it a denial of due process for the trial Court to appoint and tender to the defendant additional counsel to assist the regularly employed counsel of defendant's own selection.

■ The Federal Court, in habeas corpus proceedings, cannot set itself up as the admeasurer of the legal capacity of counsel of defendant's own selection in the trial of a case in the State Court to the end that the defendant may put his own counsel on trial after the end of his own trial has been reached.

■ Conceding that defendant's counsel was inexperienced and incapable of

adequately representing petitioner, such inadequacy on her part presents to this Court no constitutional ground for interference with the State Court in this case.

The other assignments are equally unsound.

The judgment below is affirmed.