**Bennie Ray SMITH, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

**No. 25316.**

United States Court of Appeals, Ninth Circuit.

July 13, 1971.

Rehearing Denied Sept. 20, 1971.

Richard L. Goff, Nancy Lenvin (argued), San Francisco, Cal., for petitioner, appellant.

Richard W. Nichols, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for respondent, appellee.

Before HAMLEY and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

Bennie Ray Smith was convicted on two counts of selling and facilitating the sale of narcotics in violation of 21 U.S.C. § 174. The judgment of conviction was affirmed on appeal on February 26, 1968, 390 F.2d 401. On January 27, 1969 Smith filed a motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence, contending that he was denied the effective assistance of counsel by reason of the failure of his trial counsel to present the defense of entrapment.[1] Following an evidentiary hearing, the motion was denied. This appeal followed.

On appeal from his conviction Smith contended that the court committed plain error in failing to give an instruction on entrapment, even though no instruction on entrapment had been requested. Calling attention to holdings that "in order to utilize the entrapment defense, an accused must admit he committed acts which constitute a crime, but assert that those acts he committed were not contemplated by him until he was improperly induced to commit them by a government agent", the court concluded that there was "no evidence that the informant pleaded or argued with the defendant to sell him the heroin", that "entrapment had not been put in issue, and certainly had not been shown as a matter of law." 390 F.2d at 403.[2]

Acting on the advice of his counsel, Smith did not take the stand at his trial. In the Section 2255 proceeding he testified that the Government informer, a convicted felon, parole violator and narcotics user, had induced appellant to purchase narcotics on two occasions by claiming he was "real sick and in need of narcotics." While Smith's testimony standing alone might constitute entrapment, the trial court concluded that he had failed "to sustain his burden of proof, both as to the factual veracity and legal sufficiency, of the matters alleged in his motion."[3]

In detailed findings of fact, the trial court found, inter alia, that (1) petitioner shortly after his arrest had made an oral statement, later reduced to writing, admitting that he had engaged "in narcotics transactions with several individuals at or about the time of his arrest";[4] (2) petitioner "had been convicted of other offenses against the narcotics laws"; and (3) petitioner's trial counsel was aware of these facts and his decision "was a tactical one, made for good and sufficient reason", and cannot constitute the basis for charging incompetency or denial of effective assistance,

---

* Honorable William J. Jameson, United States Senior District Judge, Billings, Montana, sitting by designation.

1. While other grounds were alleged in the motion, the lack of effective representation by counsel is the only ground urged on this appeal.

2. On appeal from the judgment of conviction appellant also claimed error by reason of "lack of effectiveness of trial counsel." The court concluded that this defense was without merit. The claim of ineffective counsel, however, was not based on the failure to assert the defense of entrapment. It may be noted also that Smith was then represented by the same counsel as in this proceeding. The court complimented counsel for "his diligence and the excellence of his research, briefs and representation of the appellant." The

same may be said with respect to the representation of appellant in this proceeding.

3. The same judge had presided at Smith's trial. It is clear from the transcript of the evidence at the trial that there would have been a conflict in the testimony of appellant and the informer. Certainly we are unable to say that the district court erred in discounting Smith's testimony. See Richardson v. Nelson, 9 Cir. 1971, 444 F.2d 519.

4. Appellant argues that the statement was inadmissible. It is unnecessary to determine this question. The trial court had denied a pretrial motion to suppress the statement, and appellant's trial counsel may not be charged with incompetence in relying upon that ruling.

and that such a charge "can only be based on hindsight." There is ample evidence to sustain the findings of the trial court and his conclusion that counsel "made an intelligent choice in a matter of trial strategy."

Appellant argues that counsel's decision not to urge the defense of entrapment was based in large part on counsel's misconception of the law. It is true that on examination in this proceeding counsel's description of the elements of entrapment was imprecise and not entirely accurate. On the other hand, he testified that prior to trial he had researched the defense of entrapment and did not think he could sustain the burden of proving the defense.[5] He had not researched the question in preparation for the Section 2255 hearing some five years later.

This is not a case where the Government's own evidence established entrapment as a matter of law, as in Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. Rather it is apparent from the informer's testimony at the trial and Smith's testimony in this proceeding that the evidence on the issue of entrapment would have been conflicting, requiring submission to the jury under proper instructions. See Masciale v. United States, 1958, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; United States v. Padilla, 9 Cir. 1970, 433 F.2d 962. In view of the evidence of appellant's admissions and prior convictions, counsel could reasonably conclude that the better defense was to challenge the identification of Smith as a participant in the transaction and attack the informer's credibility without raising the issue of entrapment, which would require appellant to admit the purchase of the heroin for the informer.

Nor is this a case where a crucial defense was overlooked or withdrawn. See Brubaker v. Dickson, 9 Cir. 1962, 310 F.2d 30. Rather counsel was aware of the defense of entrapment, but made a choice of defenses as a matter of trial strategy. See Wright v. Craven, 9 Cir. 1969, 412 F.2d 915, 918. As the court said in Brubaker v. Dickson, "Due process does not require 'errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.'" This requires a determination of whether "in all the attending circumstances, there was a denial of fundamental fairness." 310 F.2d at 37. Appellant has failed to establish any "denial of fundamental fairness" or lack of "effective aid in the preparation and trial of the case."[6]

Affirmed.

---

5. Although the law is now to the contrary under Notaro v. United States, 9 Cir. 1966, 363 F.2d 169, at the time of the trial in 1964 the defendant had the burden of proof, and counsel recognized that fact.

6. Powell v. Alabama, 1932, 287 U.S. 45, 71, 53 S.Ct. 55, 65, 77 L.Ed. 158; Reece v. Georgia, 1955, 350 U.S. 85, 90, 76 S.Ct. 167, 100 L.Ed. 77.