Robert **BUSTAMONTE**, Plaintiff-Appellant,

v.

Merle **R. SCHNECKLOTH**, Superintendent, California Conservation Center, Defendant-Appellee.

No. 25678.

United States Court of Appeals, Ninth Circuit.

Sept. 13, 1971.

S. Thomas Pollack (argued), Stuart P. Tobisman, Los Angeles, Cal., for plaintiff-appellant.

Clifford K. Thompson, Deputy Atty. Gen. (argued), Evelle J. Younger, Cal. Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before HAMLIN, MERRILL and ELY, Circuit Judges.

MERRILL, Circuit Judge:

This appeal is taken from an order of the District Court denying without hearing appellant's petition for a writ of habeas corpus.

On April 21, 1967, appellant was convicted in the California Superior Court for Santa Clara County of a violation of California Penal Code, § 475a: possession of a completed check with intent to defraud. Judgment was affirmed on appeal to the California District Court of Appeal. People v. Bustamonte, 270 Cal. App.2d 648, 76 Cal.Rptr. 17 (1969). Hearing was denied by the State Supreme Court.

In his petition for habeas corpus Bustamonte asserts that his state conviction resulted from a refusal of the state trial court to suppress evidence obtained as the result of an unlawful search and seizure.

In January, 1967, the proprietor of a carwash in Mountain View discovered that his business office had been broken into and that a check protector and a number of blank checks had been stolen. Later that month a Ford car with six occupants, one of whom was appellant, was stopped by a Sunnyvale police officer at approximately 2:40 A.M. The officer had noticed that a headlight and the license-plate light were burned out. He asked the driver for his license. When the driver failed to produce one the officer asked the other occupants for identification. Only Joe Alcala, who stated he had borrowed the car from his brother, produced a driver's license. After further discussion the officer asked the six occupants to step out. A

traffic citation was issued for the defective lights, as well as for the driver's failure to produce a license. After being joined by another officer, the first officer then questioned each of the occupants. A third police car arrived. The first officer then asked Alcala if he could search the car, and Alcala consented. Alcala was not advised that he had the right to refuse to consent, nor are we referred to any indication in the record that he had knowledge of such right. Three checks of the carwash were found wadded up under the left rear seat. Each was signed in the name of the owner of the carwash and was filled in by resort to a check protector. On the basis of statements later obtained from the driver of the car, a warrant was obtained for the search of two other cars. These searches resulted in the seizure of the check protector and several blank checks.

The principal contention made on this appeal is that the state trial court erred in refusing to suppress the evidence obtained in the search of the Ford. The state courts proceeded on the theory that the search had been consented to and was therefore lawful. Appellant takes issue with this determination on the ground that the Government has failed to demonstrate that the consent was given with knowledge that it could be withheld.

■■ At the time of the search there was no probable cause to believe that the car contained anything that could properly be seized. The search, thus, was one from which Alcala had a constitutional right to be free.[1] Any consent to the search, then, amounted to a waiver of a constitutional right and, to be effective, must meet the established standards for constitutional waiver.

These have been discussed by this court in Cipres v. United States, 343 F.2d 95 (9th Cir. 1965), and Schoepflin v. United States, 391 F.2d 390 (9th Cir. 1968).

" * * * [A] waiver cannot be conclusively presumed from a verbal expression of assent. The court must determine from all the circumstances whether the verbal assent reflected an understanding, uncoerced, and unequivocal election to grant the officers a license which the person knows may be freely and effectively withheld * * *." Cipres v. United States, 343 F.2d 95, 97 (9th Cir. 1965).[2]

■ From the record before us it is not clear that the California courts have made an adequate finding of the necessary understanding. With reference to Bustamonte's knowledge, the California Court of Appeal, People v. Bustamonte, 270 Cal.App.2d at 653, 76 Cal.Rptr. at 20, stated:

"The basic premise behind the California rule was stated in People v. MacIntosh [264 Cal.App.2d 701, 705–06, 70 Cal.Rptr. 667]: 'When permission is sought from a person of ordinary intelligence the very fact that consent is given * * * carries the implication that the alternative of a refusal existed.' "

It would appear that the California courts, in addition to finding that the atmosphere was not coercive, have relied entirely on the verbal expression of assent. They have reasoned that the mere request for consent carries with it an implication that consent may be withheld and that knowledge of this implication may be inferred from assent. Yet, as we have noted, mere verbal assent is not

---

1. The other occupants of the car also have standing to assert Alcala's right. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) ; compare Cotton v. United States, 371 F.2d 385, 390–391 (9th Cir. 1967), with Diaz-Rosendo v. United States, 357 F.2d 124, 132 (9th Cir. 1966) (en banc).

2. We find nothing in the Supreme Court's opinion in Bumper v. North Carolina,

391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), to cast doubt on the continued vitality or breadth of these principles. On the contrary, *Bumper*, although not concerned with the issue before us now, expressly approved a number of lower court opinions which had required that waiver of Fourth Amendment rights be both uncoerced and intelligent.

enough. Further, in our view, the "implication" apparently relied upon by the California courts can hardly suffice as a general rule. Under many circumstances a reasonable person might read an officer's "May I" as the courteous expression of a demand backed by force of law.

We conclude that the District Court should direct its attention to the issue of the existence of such knowledge as is required under *Cipres* and *Schoepflin*. If it concludes that no adequate and acceptable state court finding has been made upon this issue, then it should make its own finding, conducting a hearing if necessary to develop the facts.

We find no error in the District Court's rulings with respect to other grounds asserted in the petition.

The District Court order denying writ is vacated and the matter is remanded for further proceedings.