**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Enriqe Manuel VIVERO, and Guadalupe
Yanez Monje, Defendants-Appellants.**

**Nos. 71–2946, 71–2962.**

United States Court of Appeals,
Ninth Circuit.

July 26, 1972.

Certiorari Denied Nov. 13, 1972.
See 93 S.Ct. 454.

---

Ronald J. Lemieux (argued), Los Angeles, Cal., Michael J. Lightfoot (argued), Michael P. Balaban, Deputy Federal Public Defender, Los Angeles, Cal., for defendants-appellants.

William Hawes, Asst. U. S. Atty. (argued), Eric A. Nobles, Larry S. Flax, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and SCHNACKE, District Judge.*

BARNES, Circuit Judge:

The record before us involves two appeals—appellants were jointly indicted and convicted of the violation of 21 U.S.C. § 841(a) (1)—the possession with intent to distribute a "controlled substance", i. e., 225 kilograms of marijuana. A certain parked and unattended truck was searched by Customs officers without a warrant, and marijuana was found in two concealed compartments. Later, the truck was driven by Monje, and thereafter the marijuana was transferred to a Ford, driven by Vivero.

The two appellants raise different alleged errors on their appeals.

## I. FACTS.

Appellant Monje had driven the truck from where it was originally parked and searched in Guatay, California, 25 miles north of Tecate (a city on the Mexican border in San Diego County, California), to Corona, California, and then to Paramount, California, a distance of 150 miles, where Monje left it.

An hour later Vivero drove a Ford to the truck. Monje got out of the Ford, entered and drove the truck (followed by the Ford with Vivero driving) to 663 113th Street, Los Angeles, California.

Both vehicles entered the yard of that residence. Thirty minutes later Vivero drove the Ford out of the yard and driveway, and parked it across the street. The Ford appeared lowered in the rear. Appellant Vivero walked toward the residence, and was arrested. The marijuana described in the indictment was found in the Ford, and Vivero signed a statement admitting his participation in the attempt to distribute the marijuana.

## II. VIVERO'S APPEAL.

Vivero raises but two alleged errors on this appeal—(a) ineffective representation by counsel at trial, and (b) improper receipt by the judge at time of sentence of oral information supplied by the United States Attorney.

We find no merit in either contention. It is clear from the record that the defendant Vivero was willing, and desired, to plead guilty to the charge against him. A review of the evidence introduced clearly demonstrates why.[1] Further, Vivero had, previous to trial, made a complete confession of his knowing participation.

Despite the odds against a successful defense, counsel for Vivero joined in Monje's pre-trial motions (a) to suppress the evidence, and (b) to compel production of the informant. [R.T., 6] After two pages of direct examination by the court of the government's witness on the motion to suppress, the record disclosed 55 pages of vigorous cross-examination by counsel for Monje, and no questions by counsel for Vivero (although there were several joint stipulations of counsel). Monje's counsel argued the two motions; Vivero's counsel did not. Both defendants, of course, waived a jury trial. Both defendants waived opening statements. Both de-

---

* The Honorable Robert H. Schnacke, United States District Judge, Northern District of California, San Francisco, California, sitting by designation.

1. His counsel stated at the time of sentencing:

"... he (Vivero) desired to plead guilty, but I could not allow him to plead guilty unless his co-defendant makes a similar disposition, as it would make me look rather silly if the co-defendant went to trial and was acquitted and my defendant had pleaded guilty." [R.T., p. 145]

fendants' counsel stipulated to the facts of the case, without waiving their rights under the motions made. [R.T., 100–103] Both defendants and their counsel stipulated to the same facts [R.T., 111], and to Monje's confession, *after counsel for Vivero* had had certain portions (involving possible *Bruton* problems) excised. [R.T., 113–115] After the government rested, neither defendant took the stand, nor presented any evidence. [R.T., 119] Neither defense counsel formally argued in defense of their clients, although they each discussed the evidence, chronologically, with the trial judge. Counsel for Vivero raised the question if the required "intent to distribute" existed, merely because of the evidence of the large amount of marijuana "possessed". Counsel for Monje did *not* argue this point. (C.T., 126–127).

With the foregoing record before us, we cannot agree that the representation offered by counsel for Vivero to his client was such as "to make the trial a farce, or a mockery of justice." Leano v. United States, 457 F.2d 1208 (9th Cir.1972); Vargas v. United States, 455 F.2d 501 (9th Cir.1972).

■ Although we do not approve the "recommendations" that Government counsel made to the court in response to the court's invitation at the time of sentencing [R.T., 141], we cannot say that there was reversible error in counsel's statements under the circumstances of this case.

The lower court's judgment as to Vivero is affirmed.

## III.  MONJE'S APPEAL.

■ Appellant Monje asserts three errors on this appeal, which may be combined, as the government suggests, into one question: was there probable cause to search the unattended truck parked at the side of a California highway on May 24, 1971, without a warrant. We hold there was probable cause.

Each defendant joined in the pre-trial motion to suppress the evidence, i. e., the marijuana and Monje's confession.

The government, on May 3, 1971, received evidence from a previously reliable informant (15 prosecutions over a three year period) that certain marijuana dealers in Mexicali were building compartments into the front wall of "several" trucks which would later be used to smuggle marijuana into the United States. This informant had seen two of the trucks being so modified, and described them by type, size, make, year, having "an aluminum van", and partial license plate description. One was described with a specific license number.

Such a truck was stopped and searched on May 13, 1971, after crossing the border into the United States, and 478 kilograms of marijuana was found in such a hidden panel. Between May 13, 1971, and May 24, 1971, two more such trucks were seized, both carrying marijuana in the described compartments.

On May 24, 1971, government agents saw a truck similar in make, color, size, year model, and with an aluminum van parked in a rest area at Guatay, California, a location above described. It had Mexican license plates.

No driver was about, and the government agents looked into the van of the truck, which view indicated the curvature of the outside of the van was not similar to the inside, and appearance similar to that of the truck seized on May 13, 1971. Pounding on the outside right front of the van sounded solid, while that on the left front sounded hollow. Measurements of the interior of the van, compared with the exterior, disclosed a compartment. Some insulation under the truck was pushed aside, and kilo bricks of marijuana were revealed.

The trial judge, in denying the motion to suppress, found "there was ample, more than ample probable cause for what was done"—the search.

A search of an auto which can readily be moved quickly is *different* than a

search of a house. Chambers v. Maroney, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925) 153–154; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Glavin v. United States, 396 F.2d 725, 728 (9th Cir. 1968); Gilbert v. United States, 366 F.2d 923 (9th Cir.1966); Boyden v. United States, 363 F.2d 551, 554 (9th Cir.1966); Hernandez v. United States, 353 F.2d 624, 627 (9th Cir.1965); and see dissent in United States v. Almeida-Sanchez, 452 F.2d 459, 462–463 (9th Cir. 1971). We do not find the case of United States v. Payne, 429 F.2d 169 (9th Cir.1970) apposite on its facts in any respect.

We agree probable cause existed for a search. The conviction of defendant Monje is affirmed.