**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Armando Luna MIRAMON, Defendant-Appellant.**

**No. 71-2777.**

United States Court of Appeals, Ninth Circuit.

Dec. 5, 1972.

Martha Goldin (argued), Alan Saltzman, of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

Joel Levine, Asst. U. S. Atty. (argued), Eric A. Nobles, Lawrence Campbell, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, for plaintiff-appellee.

Before MERRILL and GOODWIN, Circuit Judges, and PLUMMER,* District Judge.

PER CURIAM:

Armando Luna Miramon was convicted by a jury in the United States District Court for the Central District of California for the robbery of a national bank by use of a dangerous weapon in violation of Title 18, United States Code, § 2113(a)(d).

On the day of the robbery, Miramon was observed in the bank prior to his demand for money from two bank tellers, who later identified him as the robber. The sequence of events showed that Miramon took his car to a gas station adjacent to the bank and left it for repair.

* Honorable Raymond E. Plummer, United States District Judge, District of Alaska, sitting by designation.

After the robbery, the police, by use of the identification of the car owner, proceeded to the residence of Delia Fitzgerald and there arrested Miramon when he admitted leaving the car at the gas station. When arrested, defendant had two hundred ten dollars of bank money in his pocket. The officers, after searching the house, transported the defendant back to the bank where he was observed by bank personnel. Miramon had been advised of his rights and testimony by the government revealed that. he confessed to the bank robbery. Miramon in his own behalf testified that he had been warned of his rights prior to interrogation but that he was coerced and did not make any statements.

There was conflicting testimony regarding the circumstances under which the police entered Delia Fitzgerald's home. The police said she offered no objection, and she testified that consent was given only after the search was begun.

Miramon suggests three grounds for appeal: (1) the evidence seized at Fitzgerald's residence should have been suppressed; (2) his in-custody identification deprived him of due process of law and right to counsel; and (3) denial of effective assistance of counsel.

■ Miramon contends that Fitzgerald was a putative defendant at the time she consented to the search and that Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) is controlling. *Bumper* involved a case in which consent to search was given after police had represented that they had a search warrant; thus making the present case factually distinguishable. Bustamonte v. Schneckloth, 448 F.2d 699 (9th Cir. 1971), cited by Miramon holds that where there was no probable cause for search of an automobile, any consent to search was a waiver of a constitutional right and was required to meet established standards for constitutional waiver, including knowledge by the person giving consent that he could refuse

consent. *Bustamonte* holds that all circumstances surrounding the consent should be considered, citing Cipres v. United States, 343 F.2d 95 (9th Cir. 1965).

On the record before us, the question of whether the consent to search by Fitzgerald reflected an understanding, uncoerced and unequivocal election to grant the officers a license which she knew might be freely and effectively withheld is a close one. However, we need not and do not reach that question. The evidence of the guilt of the appellant is so overwhelming that the error, if any, is harmless and did not affect his substantial rights. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Rule 52, Federal Rules of Criminal Procedure.

■ Defendant contends that the out-of-court identification by the bank personnel after defendant's arrest was improper and unfair since he was entitled to be represented by counsel at that time.

No adversary proceedings had been initiated against Miramon at the time the identification was made and we find that there were no unduly suggestive circumstances attending the identification. This contention is without merit. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

■ A conviction may not be set aside on grounds of ineffective representation of counsel unless service of counsel was of such a caliber as to amount to a farce or a mockery of justice. To demonstrate inadequacy of counsel, a petitioner must show that he had counsel who was not reasonably likely to render and did not render reasonably effective assistance. Leano v. United States, 457 F.2d 1208 (9th Cir. 1972).

Our examination of the record reflects no factual basis for Miramon's assertion that he was denied the effective assistance of counsel.

The judgment is affirmed.