**Frank J. PARKER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72–2327.

United States Court of Appeals, Ninth Circuit.

March 2, 1973.

Frank J. Parker in pro. per.

Joseph L. Ward, U. S. Atty., Daniel L. Ahlstrom, Asst. U. S. Atty., Las Vegas, Nev., for respondent-appellee.

Before TRASK, CHOY and GOOD-WIN, Circuit Judges.

PER CURIAM:

Parker appeals the district court's denial of his petition for post-conviction relief under 28 U.S.C. § 2255. We affirm.

Appellant was indicted on three counts of sale of heroin and one count of facilitation of transportation and concealment of heroin. After the first day of deliberation on its verdict, the jury was allowed to go home and, in preparing to do so, handed the exhibits to the clerk. By inadvertence, amid the exhibits was interlaid the jury's partially-completed verdict form indicating that appellant had been found guilty as to Counts 1 and 2. The foreman had not signed or dated the verdict.

The trial judge called the attention of the parties' attorneys to the problem. The attorneys agreed to a dismissal of the third and fourth counts, the summoning and polling of the jury as to counts 1 and 2, and the signing and dat-

ing of the verdict. All of this was done, each juror affirming his finding of guilt on the first two counts.

In support of his petition, appellant charges inadequate representation by his trial counsel and prejudicial error in the handling of the uncompleted verdict.

The trial record covering four court days shows that defense counsel provided more than adequate representation to appellant in the face of overwhelming government evidence. Such representation can hardly be characterized a "farce or a mockery," the standard applicable. Pinedo v. United States, 347 F.2d 142 (9th Cir. 1965).

The slight irregularity in the handling of the verdict form resulted in benefit rather than prejudice to appellant; the government dismissed two of the counts charged. Further, the jury was polled and confirmed the unanimous finding of appellant's guilt on the other two counts.

The district court's rejection of appellant's contentions without hearing is affirmed.