Troy William SANDERS and Johnny Ray Moore, Petitioners-Appellants,

v.

Walter E. CRAVEN, Respondent-Appellee.

No. 72–1068.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1973.

Thomas Shanle (argued), of Lucas, Wyckoff, Miller, Dunton & Comstock, Santa Cruz, Cal., for petitioners-appellants.

James M. Lee, Deputy Atty. Gen. (argued), San Francisco, Cal., for respondent-appellee.

Before BROWNING, WRIGHT and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

State prisoner Sanders pleaded guilty to a charge of first degree robbery (Cal.Penal Code §§ 211, 211a) in a California superior court and was appropriately sentenced. Alleging an illegal search and seizure and the denial of effective counsel, he petitioned the United States District Court for a writ of ha-beas corpus. Sanders appeals from the denial of that petition. We reverse.

Sanders' first contention claiming a Fourth Amendment violation was foreclosed by the Supreme Court:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*. [McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970)]

Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). *See also* Mann v. Smith, 488 F.2d 245 (9th Cir. 1973); Wallace v. Heinze, 351 F.2d 39 (9th Cir. 1965), cert. denied, 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 550 (1966).

■ Sanders argues this general rule should not apply to him because California allows appellate review of a Fourth Amendment claim despite a guilty plea. Cal.Penal Code § 1538.5(m). We have held to the contrary. Mann v. Smith, *supra*. Therefore, by pleading guilty, Sanders precluded any collateral attack on the constitutionality of the search and seizure. Sanders may challenge only the voluntary and intelligent nature of the plea itself. This he has not done.

■■ Sanders' second claim is that he was denied effective counsel because his attorney failed to preserve properly his right to appeal. As this constitutional claim refers to a situation which occurred subsequent to the plea of guilty, it is not foreclosed by *Tollett*. The district court held that any such failure on the part of counsel was harmless because only the search and seizure

issue was appealable and the search in question was constitutionally valid under the pre-*Chimel* standard. This was error. The district judge may not circumvent the challenge of denial of effective counsel by, in effect, holding that any error would be harmless and, on that basis, fail to determine whether there has been an impermissible deprivation of Sixth Amendment rights.

In Gairson v. Cupp, 415 F.2d 352 (9th Cir. 1969), the trial counsel knew that his client was an indigent and wished to appeal and knew that he did not know of his possible rights to counsel as an indigent. He advised the client neither of his right to appeal in forma pauperis nor of the necessity to file a notice of appeal. We reversed the district court's denial of a petition for habeas corpus, specifically stating that we do not look to the merits of the deprived appeal, but must make the determination on the basis of whether there has been a loss of a constitutional right. We stated:

> In reaching this decision we do not pass upon the merits of appellant's direct appeal. It is enough to support the relief requested on appellant's habeas petition to decide that appellant had been deprived of his constitutionally secured right to counsel.

415 F.2d at 354. This is consistent with Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), in which the Court rejected our former practice of requiring a showing of some likelihood of success on appeal as a condition precedent to habeas corpus relief.

In the instant case, the district court bypassed the constitutional question and passed directly to the merits of Sanders' search and seizure claim and, finding it unmeritorious, denied habeas corpus relief. We need not pass on the merits of the search and seizure question as it is not properly before us.

■ The only issue which confronts us concerns the alleged ineffective assistance of counsel and we believe that Sanders' allegations adequately raised the question of a denial of effective assistance in preparing an appeal. Sanders had alleged that, following his sentencing, he asked his retained trial counsel if an appeal could be taken. The attorney responded that it probably could, but it would cost more than Sanders and his co-defendant could afford. He failed to advise Sanders of his possible right to appeal in forma pauperis or that a notice of appeal must be filed within 10 days.

The state contends that Sanders did not show that his counsel was aware of his desire to appeal, that his counsel knew of his indigence or that he in fact was ignorant of his in forma pauperis rights or the procedure to appeal. No doubt the better practice would have been for Sanders to have framed his allegation in more specific terms. Certainly the district court will be interested in evidence on these questions and may conclude, after hearing the evidence, that under the standards set by *Gairson*, Sanders has not been denied the effective assistance of counsel. *See* Cumpian v. Craven, 465 F.2d 381 (9th Cir. 1972). Nevertheless, we are persuaded that the showing was sufficient to raise a Sixth Amendment question.

This case must be reversed and remanded to consider the claim of denial of effective counsel. We do not pass on the merits of Sanders' claim. It is for the district court to determine what the actual facts were and, in the first instance, to determine if there was a violation of constitutional rights. If the court concludes that there was a violation, then it should give the California courts the opportunity to allow the appeal and pass on the substance of the search and seizure claim which that state allows despite the guilty plea. Cal.Penal Code § 1538.5(m). The state court should also be allowed to pass on the alleged procedural defect under Cal. Penal Code § 1538.5(m). *See* Gairson v. Cupp, 415 F.2d 352, 354 (9th Cir. 1969).

Reversed and remanded with instructions.