**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Eugene BRADFORD,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Edward JACKSON,**
**Defendant-Appellant.**

**Nos. 74–2735, 74–2148.**

United States Court of Appeals,
Ninth Circuit.

Dec. 2, 1975.

Certiorari Denied April 5, 1976.

See 96 S.Ct. 1512.

Gail Title (argued), Federal Public Defender, Los Angeles, Cal., for Eugene Bradford.

David M. Rothman, Beverly Hills, Cal., for John Edward Jackson.

John K. Cameron, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

OPINION

Before BROWNING and CHOY, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM.

These appeals by the defendants from bank robbery convictions raise the question of the effect of one defense attorney's candid admission in his argument that the identification of defendants as the robbers was overwhelming.

One defendant claims that such action was by incompetent counsel for him and the other that such a concession was so improper and prejudicial as to deny him a fair trial.

A Bank of America branch in Oxnard, California was robbed by two armed and

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

masked men (one Negro and the other Mexican or Negro) shortly before noon on December 21, 1973. A California Highway Patrol officer (after a radio call about the robbery, the robbers and the getaway car) stationed himself on the center divider of a freeway, which was one of the possible escape routes. A short time later the California Highway Patrol officer saw a speeding vehicle which did not match the description of the alleged getaway car but did contain two adult Negro males. The officer stopped this car to issue a speeding citation, and the driver, defendant Bradford, took the officer's gun by force, fired several shots at him, and then re-entered his own car and fled.

A high-speed chase ensued during which many shots were exchanged and the bag containing the loot was thrown from the Bradford vehicle. This chase ended in an accident in the outskirts of Santa Monica, and masks and weapons resembling those used in the robbery were recovered. Also, each defendant was wearing two pairs of pants, one of each fitting the description of those worn by the robbers.

Counsel for appellant Jackson argued first and relied almost exclusively upon the doctrine of reasonable doubt as to the identification of his client as one of the robbers.

Very experienced counsel for Bradford then argued, first adopting the argument of Jackson's attorney and then admitting the evidence was overwhelming that the defendants were the robbers. He then argued lack of willfulness and intent and for a lesser offense (unarmed rather than armed bank robbery). This was apparently an effective argument as the jury asked for and was reinstructed on willfulness and returned a verdict of guilty of armed robbery after only approximately five hours of deliberations.

After the argument of Bradford's counsel, the attorney for Jackson asked for and the court gave a very thorough instruction that although Bradford's counsel had adopted the argument of Jackson's counsel, the reverse was not true.[1] The court also gave a cautionary instruction that the concession as to identification of the robbers made by Bradford's attorney should be considered to pertain only to Bradford.

Jackson contends, however, that the concession made by Bradford's counsel was so prejudicial that Jackson was denied a fair trial. We disagree. That the jury did follow the trial judge's cautionary instruction and separated Bradford's defense from Jackson's defense of mis-identification is indicated by the jury's asking for the exact description witnesses gave of the color and type of clothes Jackson wore in the hold-up during the five-hour period of its deliberations.

To hold that an inconsistent argument by counsel for a co-defendant is reversible error would end joint trials and this Court is not prepared to so hold.

The rule is that a conviction will not be reversed for inadequacy of counsel unless counsel failed to render reasonably effective assistance, resulting in a denial of fundamental fairness. *Smith v. United States*, 446 F.2d 1117, 1119 (9th Cir. 1971). Bradford's counsel was an able and experienced lawyer. He did the best he could with a virtually impossible case. At worst counsel's actions were only tactical decisions which in retrospect might have been wrong. *See United States v. Ortiz*, 488 F.2d 175 (9th Cir. 1973); *United States v. Stern*, 519 F.2d 521 (9th Cir. 6–26–75).

Affirmed.

---

1. Counsel for Jackson made no specific objection to the argument until he filed a motion for new trial.