**Troy COOPER, Petitioner-Appellant,**

v.

**C. J. FITZHARRIS, Respondent-Appellee.**

**No. 74-2998.**

United States Court of Appeals,
Ninth Circuit.

April 11, 1977.

Troy Cooper in pro per.

Evelle J. Younger, Atty. Gen., Ann K. Jensen, Deputy Atty. Gen., San Francisco, Cal., for respondent-appellee.

11. Reporter's Transcript at 579.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and EAST, District Judge.*

EAST, District Judge:

Cooper, a State prisoner, appeals from the District Court's denial of his 28 U.S.C. § 2254 habeas petition. We note jurisdiction under 28 U.S.C. § 2253, and reverse and remand.

Cooper was indicted in 1964 by a State of California, San Francisco County grand jury, charging him with the crimes of burglary, assault, rape and robbery. A jury found Cooper guilty on all counts, and the court's judgment of conviction and sentence to custody followed in due course. No appeal to the appellate courts of California was taken.

Cooper has exhausted state court habeas remedies without relief.

In May, 1971, Cooper filed his *pro per.* habeas petition in the District Court substantially alleging, *inter alia,* that he was denied the reasonably effective assistance of trial counsel in violation of his Sixth Amendment right. The District Court appointed counsel for Cooper and ordered the record augmented by a copy of the reporter's transcript of Cooper's state trial. The District Court, following two evidentiary hearings, entered a memorandum and order denying the writ.[1]

## ISSUE

The controlling issue on review is:

Did the District Court err by concluding, after a de novo review based upon the state trial record and additional evidentiary hearings, that alleged instances of ineffective legal representation on constitutional issues at trial were harmless error?[2]

## DISCUSSION

Cooper's main complaint of ineffective trial counsel lies in counsel's failure to challenge the introduction in evidence of articles seized from his person and residence in the course of a warrantless arrest and search, together with his after-arrest inculpating statements made to the officers. Secondarily, Cooper claims numerous items of inadequate trial preparation and conduct on the part of his trial counsel.

The District Court entertained doubt over the legality of the search and seizure of the articles received in evidence. Nevertheless it concluded de novo, based upon the state

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Following the first evidentiary hearing, the District Court issued an order granting the writ. Avoiding petitioner's claim that he had been denied the effective assistance of counsel, the court held that petitioner's arrest and the warrantless search and seizure incident thereto were unlawful and that consequently petitioner had been convicted on the basis of evidence which had been obtained in violation of his Fourth Amendment rights. Rejecting the State's contention that petitioner's failure to contest the admissibility of the evidence was a deliberate bypass of his constitutional claims, the court found as follows:

    "It was apparent to this Court from counsel's testimony [at the evidentiary hearing] that the failure to challenge the admissibility of evidence seized from petitioner at the time of his arrest was not the product of a strategic decision, from which petitioner contemplated deriving some benefit. Rather, it was the product of an overwhelmingly heavy caseload carried by Deputy Public Defenders at that time, which allowed counsel very little time for the preparation of each case. Since counsel did not have sufficient time to devote to planning the strategy of petitioner's case, there could have been no strategic decision to forego these Fourth Amendment claims." At the evidentiary hearing, trial counsel testified that although she was aware of several issues regarding the admissibility of certain physical and testimonial evidence, she conducted no legal research and made no objection to its introduction. She further testified that within a few months after petitioner's conviction, she collapsed in court, her health "seriously threatened" by a caseload of approximately 2,000 cases per year. She then resigned from the Public Defenders Office, having come to the conclusion that she was "actually doing the defendants more harm by just presenting a live body than if they had no representation at all."

2. The oblique issues of a failure on the part of trial counsel to advise Cooper of his right of appeal and to in the first instance admit before the jury Cooper's prior felony conviction are meritless under the state of the record.

court record and additional evidentiary hearings that the seized evidence, even if tainted, was cumulative to other overwhelming relevant evidence of guilt and that the introduction of the evidence was harmless error. From this, the District Court concluded that petitioner had failed in his claim of ineffective assistance because no prejudice resulted to him due to trial counsel's failure to move to suppress the disputed evidence. Further, the District Court applied an eroded legal standard in concluding that the claimed neglects and failures on the part of trial counsel did not rise to the level of making the trial a sham or mockery of justice nor did such neglect constitute a failure to assert a crucial defense.

We are satisfied that the District Court erred on both scores.

*Sanders v. Craven,* 488 F.2d 478, at 480 (9th Cir. 1973), teaches that: "[t]he district judge may not circumvent the challenge of denial of effective counsel by, in effect, holding that any error would be harmless and, on that basis, fail to determine whether there has been an impermissible deprivation of Sixth Amendment rights."

We also agree with the Court of Appeals for the Sixth Circuit that once ineffective assistance of counsel has been established, harmless error tests do not apply. *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974). While the Supreme Court did establish a harmless-constitutional-error rule in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), it indicated that the right to counsel was among those " . . . constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error . . .." *Id.* at 23 & n. 8, 87 S.Ct. at 827.

■ At the very least, a conviction may not be allowed to stand, regardless of the existence of prejudice, when a criminal defendant is denied the presence of counsel at trial and the penalty imposed includes any period of incarceration. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530

(1972). Both before and after *Chapman,* the court has made it clear that the right to counsel is the right to effective counsel. *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940); *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

We cannot agree with the conclusion of the Eighth Circuit in *McQueen v. Swenson,* 498 F.2d 207, 218 (8th Cir. 1974), that there is a significant difference between a case in which counsel was absent and one in which, although counsel was present, his performance has been found to have fallen below that which was constitutionally required. After all, the purpose of *Gideon* was not merely to supply criminal defendants with warm bodies, but rather to guarantee reasonably competent representation. That the Sixth Amendment's guarantee of the assistance of counsel is grounded in the need for reasonably competent legal assistance is made clear by the following language from *Powell v. Alabama, supra,* 287 U.S. at 68–69, 53 S.Ct. at 64; quoted with approval in *Gideon v. Wainwright, supra,* 372 U.S. at 344–45, 83 S.Ct. 792, and in *Argersinger v. Hamlin, supra,* 407 U.S. at 31, 92 S.Ct. 2006:

> "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the

guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence." [3]

■ We hold that once a petitioner has carried his burden of establishing ineffectiveness of counsel, his conviction must be reversed without regard to the presence or absence of prejudice. This conclusion is buttressed by two recent Supreme Court decisions reversing criminal convictions regardless of a showing of prejudice when the court found that petitioners had been denied the assistance of counsel despite counsel's active presence throughout the trial.

In *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), the court held that the denial of the opportunity to make a summation at the conclusion of a jury or nonjury criminal trial violates a defendant's Sixth Amendment right to the assistance of counsel regardless of the simplicity of the case or the strength of the prosecution's evidence. In *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), a criminal defendant was prohibited from consulting with counsel during an overnight recess after the conclusion of direct and prior to the commencement of cross-examination. The Fifth Circuit affirmed, holding that petitioner's failure to claim any prejudice resulting from his inability to consult with counsel during the recess was fatal. Notwithstanding the absence of a claim of prejudice, a unanimous court reversed holding that the refusal to permit the defendant to consult with his attorney violated his Sixth Amendment right to the assistance of counsel.

The Supreme Court's adherence to a prophylactic rule in right to counsel cases, such as *Herring* and *Geders*, cannot be ignored. It seems fair to say that the harmless-constitutional-error rule announced in *Chapman* did not alter the court's position in

*Glasser v. United States, supra,* 315 U.S. at 76, 62 S.Ct. at 467, that:

"The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial."

■ Since this case must be remanded to the District Court for a factual determination as to whether there has been a deprivation of petitioner's Sixth Amendment rights, some discussion as to the appropriate standard is in order. It has been noted that the standard for judging the effectiveness of counsel in this circuit is ambiguous. *United States v. Decoster*, No. 72–1283 (D.C.Cir., Oct. 19, 1976), Slip Op. at 10 n.17. Numerous decisions of this circuit have purported to apply the farce or mockery test.[4] However, in almost all such cases, the court actually concluded that the performance of counsel was fully adequate and/or that there had been a choice between trial tactics which at most appeared unwise only with the benefit of hindsight. *E. g., United States v. Stern*, 519 F.2d 521 (9th Cir. 1975), *cert. denied*, 423 U.S. 1033, 96 S.Ct. 565, 46 L.Ed.2d 407 (1975); *United States v. Ortiz*, 488 F.2d 175 (9th Cir. 1973); *Mengarelli v. U. S. Marshal*, 476 F.2d 617 (9th Cir. 1973); *Parker v. United States*, 474 F.2d 697 (9th Cir. 1973); *United States v. Steed*, 465 F.2d 1310 (9th Cir.), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 697, 34 L.Ed.2d 667 (1972); *United States v. Vivero*, 465 F.2d 141 (9th Cir.), *cert. denied*, 409 U.S. 1010, 93 S.Ct. 454, 34 L.Ed.2d 304 (1972); *United States v. Garrett*, 457 F.2d 1311 (9th Cir. 1972); *Wright v. Craven*, 412 F.2d 915 (9th Cir. 1969); *Borchert v. United States*, 405 F.2d 735 (9th Cir. 1968), *cert. denied*, 394 U.S. 972, 89 S.Ct. 1466, 22 L.Ed.2d 753 (1969); *Bouchard v. United States*, 344 F.2d 872 (9th Cir. 1965); *Reid v. United States*, 334 F.2d 915 (9th Cir. 1964). The more appropriate statement of the applicable standard, which is more in harmony with the development of case law regarding

---

3. *See* Comment, Ineffective Assistance of Counsel and the Harmless Error Rule: The Eighth Circuit Abandons Chapman, 43 Geo. Wash.L.Rev. 1384 (1975).

4. Many of these cases are collected at 26 A.L.R. Fed. 218, 252–53.

effectiveness of counsel in other circuits, is that adopted by this court in *Brubaker v. Dickson*, 310 F.2d 30 (9th Cir. 1962).[5] In *Brubaker v. Dickson, supra* at 37, this court adopted a standard which had previously been applied by the Fifth Circuit in *MacKenna v. Ellis*, 280 F.2d 592 (5th Cir. 1960), *modified* 289 F.2d 928 (5th Cir. 1961), holding that "[d]ue process does not require 'errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.'"[6] (Emphasis in original).

Although references to the farce or mockery standard have survived *Brubaker v. Dickson, supra,* recent cases have made it clear that notwithstanding such language, to demonstrate ineffective counsel one need only establish that counsel failed to render reasonably effective assistance. *Leano v. United States*, 457 F.2d 1208, 1209 (9th Cir.), *cert. denied,* 409 U.S. 889, 93 S.Ct. 162, 34 L.Ed.2d 146 (1972); *United States v. Miramon*, 470 F.2d 1362, 1363 (9th Cir. 1972), *cert. denied,* 411 U.S. 934, 93 S.Ct. 1909, 36 L.Ed.2d 395 (1973). This is consistent with the view expressed in various ways in other circuits that the farce or mockery standard today is little more than a metaphor indicating that the petitioner has a relatively heavy burden to prove ineffectiveness of counsel. *Scott v. United States*, 138 U.S.App.D.C. 339, 427 F.2d 609, 610 (1970); *McQueen v. Swenson, supra* at 214. The view that the farce or mockery language is not to be taken literally is particularly appropriate in this circuit which has never used this standard to affirm convictions where the failures of counsel were as egregious as conducting the defense while: intoxicated (*Hudspeth v. McDonald*, 120 F.2d 962 (10th Cir. 1941)); or mentally distraught (*Andrews v. Robertson*, 145 F.2d 101 (5th Cir. 1944)); or sleeping through much of the trial (*United States v. Katz*, 425 F.2d 928 (2d Cir. 1970)).

In summary, the role of the District Court presented under allegations of ineffective assistance of counsel is not to pass upon the merits of the action not taken but to determine whether, under the particular facts and circumstances of the case, trial counsel failed to render reasonably effective assistance. This does not mean that it should second guess reasoned choices between trial tactics nor does it mean that defense counsel, to protect himself against allegations of inadequacy, must make every conceivable motion no matter how remote the possibilities are of success. It is sufficient if he is prepared and conducts the defense with reasonable knowledge and skill with an exercise of knowledgeable choices of trial tactics. To accept less simply assures the criminal defendant the form but not the substance of any real representation.

The District Court's denial of the writ entered on March 23, 1973 is reversed and the cause remanded to the District Court for a factual determination as to whether Cooper was deprived of his Sixth Amendment right to the reasonably effective assistance of counsel during his state trial.

REVERSED AND REMANDED.

DUNIWAY, Circuit Judge (concurring):

I concur under the compulsion of our decision in *Sanders v. Craven*, 9 Cir., 1973, 488 F.2d 478. I suggest, however, that we are getting ourselves on a semantic merry-go-round, with little prospect of real benefit to the law.

---

5. When *Brubaker v. Dickson, supra,* was decided, *Betts v. Brady,* 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), required in state trials a case by case determination as to whether the absence of the assistance of counsel and hence its equivalent, the effective assistance of counsel, constituted a denial of fundamental fairness. However, since *Betts v. Brady, supra,* was overruled in *Gideon v. Wainwright, supra,* it has been clear that in every case the effective assistance of counsel is an essential ingredient in fundamental fairness. *Wilson v. Rose,* 366 F.2d 611, 616 (9th Cir. 1966).

6. This standard has since been reaffirmed by the Fifth Circuit in *Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974), and adopted in the Sixth Circuit in *Beasley v. United States,* 491 F.2d 687 (6th Cir. 1974).

I suggest that there are two different kinds of "inadequate assistance of counsel" cases. One is the case in which the defendant has no lawyer at all (I classify *Powell v. Alabama,* 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, as such a case, even though the court did purport to appoint all the members of the bar to represent the defendants; in fact, no lawyer really represented them), or in which counsel's performance is so bad or inept as to amount to no representation at all. The other is a case in which there has been a lawyer, he has handled the trial, he has done most of it pretty well, but it is claimed that in certain respects his representation was ineffective. The latter is the kind of case that we have here.

The language of our decision in *Sanders v. Craven, supra,* requires that in such a case the habeas corpus court must decide whether there has been "an impermissible deprivation of Sixth Amendment rights," i. e., ineffective assistance of counsel, rather than deciding whether, assuming that counsel's assistance was partly ineffective, the resulting error was harmless. Yet in *United States v. Bradford,* 9 Cir., 1975, 528 F.2d 899, which is not cited in Judge East's opinion, we said:

> The rule is that a conviction will not be reversed for inadequacy of counsel unless counsel failed to render reasonably effective assistance, resulting in a denial of fundamental fairness. *Smith v. United States,* 446 F.2d 1117, 1119 (9th Cir. 1971). Bradford's counsel was an able and experienced lawyer. He did the best he could with a virtually impossible case. At worst counsel's actions were only tactical decisions which in retrospect might have been wrong. *See United States v. Ortiz,* 488 F.2d 175 (9th Cir. 1973); *United States v. Stern,* 519 F.2d 521 (9th Cir. 1975). (*Id.* at 900.)

If that is not a different way of stating a harmless error rule, what is it?

I suggest that while Judge Peckham did not use the language of *Bradford,* what he did comes very close to what *Bradford* says that he should have done, namely, decide whether there was a denial of fundamental fairness. Cooper claimed that there were three respects in which his counsel was inadequate. The first is that counsel did not make a motion to suppress certain evidence. Judge Peckham considered whether failure to grant a motion to suppress, if it were made, would be harmless under the *Chapman* rule, and he held that it would be harmless. Under the *Bradford* standard one could say, on the same facts, that it was arguable whether the motion would have been good, that the decision whether to move is for counsel to make, and that his failure to make the motion does not amount to inadequate representation, especially because use of the evidence in question was harmless under *Chapman.*

Cooper's second claim is that counsel should have admitted Cooper's prior convictions and that his failure to do so allowed the district attorney to introduce evidence about them which might otherwise have been excluded. Judge Peckham said that this did not rise to the level of making the trial a sham or a mockery of justice, or to a failure to assert a crucial defense. The last phrase comes close to *Bradford*'s "denial of fundamental fairness" language.

Cooper's third claim was that counsel did not tell Cooper about his right to appeal. Judge Peckham found as a fact that Cooper knew about his right to appeal and that therefore, under our decisions, it was not an obligation of counsel to tell him. That again is close to the *Bradford* standard.

To require Judge Peckham to hold another hearing is to require a waste of judicial time. I can find no good reason why we should make him go through that exercise. Were it not for *Sanders,* I would dissent.